# United States Court of Appeals for the Fifth Circuit

No. 25-50573
CONSOLIDATED WITH
No. 25-50574

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME ARTURO SALCEDO-CANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 2:24-CR-2802-1,
2:23-CR-3279-1

Before KING, HAYNES, and HO, *Circuit Judges*.
PER CURIAM:[*]

Jaime Arturo Salcedo-Cano appeals following (1) his conviction and sentence under 8 U.S.C. § 1326(a) & (b)(2) for illegal reentry into the United States and (2) the revocation of his term of supervised release and imposition of a sentence following revocation. He does not raise any challenge in his

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

revocation appeal. In his other appeal, he argues that the statutory sentencing enhancement in § 1326(b) is unconstitutional. Salcedo-Cano concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve it for possible Supreme Court review. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file its brief.

As he concedes, Salcedo-Cano's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.